UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| PATRICK D. WILLIAMS, ) | Case No. 17-32954-KRH |
| ) | |
| Debtor. ) | |
| ) | |

### TRUSTEE'S MOTION TO SELL REAL PROPERTY LOCATED AT 1701 TERRELL DRIVE, HENRICO, VIRGINIA FREE AND CLEAR OF LIENS AND INTERESTS

Roy M. Terry, Jr. (the "**Trustee**"), Chapter 7 trustee of the bankruptcy estate (the "**Estate**") of Patrick D. Williams (the "**Debtor**"), by counsel, pursuant to 11 U.S.C. § 363(b) and (f) and Rules 6004 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") moves the Court (the "**Motion**") for authority (i) to sell the Debtor's half interest in real property located at 1701 Terrell Drive, Henrico, Virginia 23229, as more particularly described on Exhibit A attached hereto (the "**Property**") by private sale or auction through Motleys Asset Disposition Group ("**Motleys**") free and clear of all liens and interests, with any such liens or interests attaching to the proceeds of sale (the "**Sale Proceeds**") and (ii) in connection with such sale, to pay the costs of closing, including the buyer's premium and fees of Motleys pursuant to the terms of the listing agreement (the "**Listing Agreement**") filed with the Trustee's Application for Employment of Motleys, at closing from the Sale Proceeds pursuant to 11 U.S.C. § 330, and in support thereof, states as follows:

_____
Christian K. Vogel (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive, Suite 204
Richmond, Virginia 23294
(804) 728-1574
(804) 728-1625 (facsimile)
kvogel@vogelandcromwell.com
    Counsel to the Trustee

Vogel & Cromwell, L.L.C.

**Background**

1. On June 8, 2017 (the "**Petition Date**"), the Debtor filed for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Trustee was appointed interim trustee, and no trustee having been elected at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code, he continues to serve as trustee in this case.

3. The Debtor identified in Schedule A that he held an interest in the Property as tenants by the entirety. The Debtor estimated the current value of the Property to be $260,000.00 in Schedule A.

4. The Property serves as security on a loan from Wells Fargo Bank, N.A. (the "**Wells Fargo Lien**"). The payoff amount on the loan as of July 6, 2017 was $215,299.47.

5. The Debtor scheduled the Property as exempt on Schedule C pursuant to 11 U.S.C. § 522(b)(3)(B).

6. On November 20, 2017, a final decree was entered in the Debtor's divorce proceedings with his ex-wife, Rebecca N. Williams ("**Ms. Williams**"). As such, the Debtor acquired an interest in property within 180 days of the Petition Date as a result of a final divorce decree, making the Debtor's new tenants in common interest in the Property part of his Estate. 11 U.S.C. § 541(a)(5)(B); *Cordova v. Mayer (In re Cordova)*, 73 F.3d 38, 43 (4th Cir. 1996) ("Because [the debtor] acquired the fee simple interest as a result of the entry of a divorce decree within 180 days of the filing of her petition, it became part of the bankruptcy estate.")

7. The Debtor has not amended his schedules to date to reflect the severance of the tenancy by the entireties as originally scheduled and the new tenants in common interest in the Property he obtained within the 180 day § 541(a)(5) period.

Vogel & Cromwell, L.L.C.

8.  As evidenced by her signature on the attached proposed order, Ms. Williams consents to the sale of her interest in the Property pursuant to the terms of this Motion and Order.

9.  The Trustee has filed his Application for Employment of Motleys Asset Disposition Group simultaneously with this Motion.

**Relief Requested**

10. The Trustee proposes to sell the Property by private sale or auction pursuant to the terms of the Motleys Listing Agreement.  Pursuant to Bankruptcy Rule 6004(f)(1), the Trustee proposes to file a notice of any consummated sale of the Property, identifying the purchaser(s) and sale price.  Additionally, all parties will be able to access information related to any listing or auction of the Property via Motleys website at www.motleys.com.

11. The Trustee seeks authority to sell the Property free and clear of all liens and interests, including the Wells Fargo Lien, pursuant to sections 363(b) and (f) of the Bankruptcy Code, with any liens, including the Wells Fargo Lien, attaching to the Sale Proceeds.

12. The Trustee also requests authority to: (1) execute the deed of transfer and any other documents necessary to close the sale and to pay from the proceeds the usual and customary costs of sale, including the Motleys buyer's premium and any expenses; and (2) to pay at or after closing undisputed claims secured by the Property and to distribute to Ms. Williams' one half of the net proceeds from any sale.  Net proceeds of the sale shall constitute the sale proceeds less the amount of the Wells Fargo Lien, any outstanding taxes, any other liens on the Property, any closing costs and other standard costs of sale, the buyer's premium and expenses under the Motleys Listing Agreement, and any other costs required to be paid at closing of the sale of the Property.

Vogel & Cromwell, L.L.C.

**Basis for Relief**

13. Pursuant to section 363(b)(1) of the Bankruptcy Code, a trustee may sell property of the estate other than in the ordinary course of business. A trustee may sell property not in the ordinary course of business at private sale pursuant to Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Here, the Trustee proposes and seeks authority to sell the Property by private sale or auction with the assistance of a real estate broker.

14. The Trustee further proposes and requests authority to sell the Property free and clear of all liens and interest, including the Wells Fargo Lien, pursuant to section 363(f) of the Bankruptcy Code, and that the Wells Fargo Lien and other valid liens attach to the Sales Proceeds.

15. Grounds exist for the sale of the Property free and clear of all liens, including the Wells Fargo Lien, pursuant to section 363(f) of the Bankruptcy Code because the Trustee will only accept a purchase offer that results in sale proceeds greater than the value of the Wells Fargo Lien and any other valid, undisputed liens on the Property, unless otherwise consented to by Wells Fargo and any other valid, undisputed lien holder.

16. Ms. Williams consents to the sale of her interest in the Property and has agreed to execute all necessary documents to facilitate a sale and transfer of the Property. Ms. Williams further consents to accept half of any net proceeds, as defined in further detail above, for the sale of her interest in the Property. The other half of the net proceeds from the sale of the Property will remain in the Estate.

17. The sale of the Property will benefit the Estate and is in the best interest of the Estate and its creditors.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto as Exhibit B: (i) authorizing the Trustee to sell the Property free and

Vogel & Cromwell, L.L.C.

clear of all liens, including the Wells Fargo Lien, by private sale or auction; (ii) directing that the Wells Fargo Lien and any other valid liens attach to the Sale Proceeds, unless paid at closing as authorized by the Trustee; (iii) authorizing payment of the buyer's premium and costs concerning the sale of the Property from the sale proceeds; (iv) authorizing payment at or after closing on account of all undisputed claims secured by the Property and the interest of Ms. Williams; and (vi) granting such other and further relief as is just and appropriate under the circumstances.

        ROY M. TERY, JR., TRUSTEE

        /s/ Christian K. Vogel
        Counsel

Christian K. Vogel (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive, Suite 204
Richmond, Virginia 23294
(804) 728-1574
(804) 728-1625 (facsimile)
kvogel@vogelandcromwell.com

*Counsel for the Trustee*

Vogel &
Cromwell, L.L.C.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of April 2018, a true copy of the foregoing *Trustee's Motion to Sell Real Property Located at 1701 Terrell Drive, Henrico, Virginia Free and Clear of Liens and Interests* was filed with the Court via the Clerk's CM/ECF electronic filing system mailed by U.S. First Class mail, postage prepaid, to all creditors and parties in interest on the attached service list, and to the following:

    Johnie R. Muncy, Esq.
    Samuel I. White, P.C.
    1804 Staples Mill Rd., Suite 200
    Richmond, Virginia 23230
        *Counsel for Wells Fargo Bank, N.A.*

    Henrico County Department of Finance
    4301 East Parham Road
    Henrico, Virginia 23228

    Rebecca N. Williams
    701 Luton Lane
    Richmond, Virginia 23225

        /s/ Christian K. Vogel
        Counsel

Vogel &
Cromwell, L.L.C.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-3<br>Case 17-32954-KRH<br>Eastern District of Virginia<br>Richmond<br>Thu Apr 19 12:23:48 EDT 2018 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Vogel & Cromwell, L.L.C.<br>8550 Mayland Drive, Suite 204<br>Richmond, VA 23294-4754 |
| United States Bankruptcy Court<br>701 East Broad Street<br>Richmond, VA 23219-1888 | American Express<br>P.O. Box 1270<br>Newark, NJ 07101-1270 | Domino's<br>c/o Edward Hood, Esquire<br>500 Woodward Ave., Ste. 3500<br>Detroit, MI 48226-3485 |
| Domino's IP Holder LLC<br>Eric Goldstein, Esq.<br>Shipman & Goodwin LLP<br>1 Constitution Plaza<br>Hartford, CT 06103-1919 | Domino's Pizza Franchising LLC<br>Domino's IP Holder LLC<br>Shipman & Goodwin LLP<br>1 Constitution Plaza<br>Hartford, CT 06103-1919 | Domino's Pizza Franchising LLC<br>Eric Goldstein, Esq.<br>Shipman & Goodwin LLP<br>1 Constitution Plaza<br>Hartford, CT 06103-1919 |
| Domino's Pizza Franchising LLC<br>c/o R. Ottinger / VanDeventer<br>101 W. Main St., Ste. 500<br>Norfolk, VA 23510-1674 | Richard Ottinger, Esq.<br>VanDeventer Black<br>101 W. Main Street, Ste. 500<br>Norfolk, VA 23510-1699 | Samuel I. White, P.C.<br>8550 Mayland Drive<br>Henrico, VA 23294-4755 |
| Sysco Virginia, LLC<br>P.O. Box 20020<br>Harrisonburg, VA  22801-7520 | Verizon<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Wells Fargo Bank, N.A.<br>435 Ford Road, Suite 300<br>St. Louis Park, MN 55426-4938 |
| Wells Fargo Home Mortgage<br>P.O. Box 11758<br>Newark, NJ 07101-4758 | David K. Spiro<br>Spiro & Browne, PLC<br>6802 Paragon Place, Suite 410<br>Richmond, VA 23230-1655 | Patrick D Williams<br>1701 Terrell Drive<br>Henrico, VA 23229-4907 |
| Roy M. Terry Jr.<br>Sands Anderson PC<br>P.O. Box 2188<br>Richmond, VA 23218-2188 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Domino's IP Holder LLC | (u)Domino's Pizza Franchising LLC | (u)Wells Fargo Bank, N.A., |

| | |
|---|---|
| (d)American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     4<br>Total                  22 |

**EXHIBIT A**

DESCRIPTION OF PROPERTY

1701 Terrell Drive, Henrico, Virginia 23229 (the "Property").

The legal description for the Property is as follows:

ALL that certain lot, piece or parcel of land with all improvements thereon and appurtenances thereto belonging and being in the County of Henrico, Virginia, known and designated as Lot 15 and a portion of Lot 14, Block A, Section B, Plan of Michael Hills, as shown on plat of survey prepared by Raleigh E. Phelps, CLS, dated October 3, 1979, entitled "Survey and Map of Lot 15, and a Portion of Lot 14, Block A, Section B, Plan of Michael Hills, In Henrico County, Virginia", recorded March 4, 2002, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Deed Book 3221, page 2215, and to which plat reference is hereby made for a more particular description of the property therein conveyed.

BEING the same real estate as conveyed to William R. Peterson, by Warranty Deed from Tommye H. Lyell, dated July 6, 2006, recorded July 17, 2006, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Deed Book 4161, page 2359.

FURTHER BEING the same real estate as conveyed to Patrick D. Williams and Rebecca N. Williams, husband and wife, as tenants by the entirety with the right of survivorship as at common law, by Warranty Deed from William R. Peterson, married, dated March 28, 2007, recorded April 10, 2007, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Deed Book 4321, page 554.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| PATRICK D. WILLIAMS, ) | Case No. 17-32954-KRH |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER AUTHORIZING TRUSTEE TO SELL REAL
PROPERTY LOCATED AT 1701 TERRELL DRIVE, HENRICO,
VIRGINIA FREE AND CLEAR OF LIENS AND INTERESTS**

This matter came before the Court upon the Trustee's Motion To Sell Real Property Located at 1701 Terrell Drive, Henrico, Virginia Free and Clear of Liens and Interests (the "**Sale Motion**") filed by Roy M. Terry, Jr. (the "**Trustee**"), Chapter 7 trustee of the bankruptcy estate (the "**Estate**") of Patrick D. Williams (the "**Debtor**"), whereby the Trustee seeks this Court's authority, among other things, to sell the Debtor's half interest in real property located at 1701 Terrell Drive, Henrico, Virginia 23229 (the "**Property**") by private sale or public auction through Motleys Asset Disposition Group pursuant to sections 363(b) and (f) of title 11 of the United States Code (the "**Bankruptcy Code**"). Based upon the allegations in the Sale Motion, and notice having properly been given, the Court finds as follows:

    A.     Sound and appropriate business reasons exist for the Trustee to effectuate the transaction described in the Sale Motion.

    B.     A sale of the Property by private sale or public auctions is permitted under sections 363(b) and (f) of the Bankruptcy Code.

    C.     The Estate will benefit from the sale of the Property.

2

D. Notice of the Sale Motion has been provided to all holders of any liens or interests and all other parties in interest, including the United States Trustee and all parties requesting notice, with details on any listing of auction of the Property available at www.motleys.com, which notice constitutes proper and sufficient notice of the Sale Motion for the purposes of Rules 2002(a)(2) and 6004(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Based upon the foregoing, it is hereby ORDERED as follows:

1. All capitalized terms used in this Order but not defined herein shall have the meanings ascribed to them in the Sale Motion.

2. The Sale Motion is granted and the Trustee is authorized pursuant to section 363(b) and (f) of the Bankruptcy Code to sell the Property by private sale or public auction.

3. All objections and responses concerning the Sale Motion are resolved in accordance with the terms of this Order. To the extent any such objection or response was not otherwise withdrawn, waived, settled, or otherwise provided herein, it, and all reservations and rights contained therein, is overruled and denied.

4. The sale of the Property shall be free and clear of any and all liens, claims, encumbrances, liabilities, obligations, licenses, covenants, pledges, security interests, charges, judgments, mortgages, conditional sales or title retention agreements, pledges, hypothecations and interests of any kind (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "**Claims**"). All such Claims

3

on or against the Property shall attach to the proceeds of sale (the "**Sale Proceeds**"), with the same force, validity, priority and effect as they now may have.

5. The Trustee is authorized, in his discretion, to pay at or after closing undisputed Claims secured by the Property and to make distributions to Wells Fargo Bank, N.A. in full satisfaction of any and all amounts due to them on account of their interests in the Property.

6. The Trustee is authorized to pay at or after closing one half of the net proceeds from the sale of the Property, with the net proceeds of the sale constituting the Sale Proceeds less the amount of the Wells Fargo Lien, any outstanding taxes, any other liens on the Property, any closing costs and other standard costs of sale, the buyer's premium and expenses under the Motleys listing agreement, and any other costs required to be paid at closing of the sale of the Property, to Ms. Williams on account of her one half interest in the Property.

7. The Trustee is authorized, pursuant to section 330 of the Bankruptcy Code, to pay the buyer's premium and any expenses provided for in the Motleys listing agreement previously approved by Order of this Court from the Sale Proceeds.

8. Upon consummation of any sale as approved herein, the Trustee shall file a statement of sale as required by Bankruptcy Rule 6004(f)(1).

9. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof, the status, nature and extent of the Property and all issues and disputes arising in connection with the relief authorized herein.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ Christian K. Vogel
------------------------------------
Christian K. Vogel (Va. Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23218-2499
(804) 783-2003

*Counsel for the Trustee*

SEEN AND AGREED:

------------------------------------
Johnie R. Muncy (Va. Bar No. 73248)
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, Virginia 23230
(804) 290-4290

*Counsel for Wells Fargo Bank N.A.*

/s/ Rebecca N. Williams
------------------------------------
Rebecca N. Williams
701 Luton Lane
Richmond, Virginia 23225

## LOCAL RULE 9022-1 CERTIFICATION

    Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing was endorsed by all necessary parties.

------------------------------------
Counsel

5

**SERVICE LIST**

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
 *Assistant U.S. Trustee*

Christian K. Vogel
Vogel & Cromwell, L.L.C.
8550 Mayland Drive, Suite 204
Richmond, VA 23294
 *Counsel for the Trustee*

Rebecca N. Williams
720 Luton Lane
Richmond, VA 23225
 *Debtor*

Henrico County Department of Finance
4301 East Parham Road
Henrico, Virginia 23228