UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| _____ ) | |
| In re: ) | |
| ) | |
| PATRICK D. WILLIAMS, ) | Case No. 17-32954-KRH |
| ) | |
|     Debtor. ) | |
| _____) | |

**ORDER AUTHORIZING TRUSTEE TO SELL REAL
PROPERTY LOCATED AT 1701 TERRELL DRIVE, HENRICO,
<u>VIRGINIA FREE AND CLEAR OF LIENS AND INTERESTS</u>**

This matter came before the Court upon the Trustee's Motion To Sell Real Property Located at 1701 Terrell Drive, Henrico, Virginia Free and Clear of Liens and Interests (the "**<u>Sale Motion</u>**") filed by Roy M. Terry, Jr. (the "**<u>Trustee</u>**"), Chapter 7 trustee of the bankruptcy estate (the "**<u>Estate</u>**") of Patrick D. Williams (the "**<u>Debtor</u>**"), whereby the Trustee seeks this Court's authority, among other things, to sell the Debtor's half interest in real property located at 1701 Terrell Drive, Henrico, Virginia 23229 (the "**<u>Property</u>**") by private sale or public auction through Motleys Asset Disposition Group pursuant to sections 363(b) and (f) of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**").  Based upon the allegations in the Sale Motion, and notice having properly been given, the Court finds as follows:

A.    Sound and appropriate business reasons exist for the Trustee to effectuate the transaction described in the Sale Motion.

B.    A sale of the Property is permitted under sections 363(b) and (f) of the Bankruptcy Code.

C.    The Estate will benefit from the sale of the Property.

D.      Notice of the Sale Motion has been provided to all holders of any liens or interests and all other parties in interest, including the United States Trustee and all parties requesting notice, with details on any listing of the Property to be available at www.motleys.com, which notice constitutes proper and sufficient notice of the Sale Motion for the purposes of Rules 2002(a)(2) and 6004(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Based upon the foregoing, it is hereby ORDERED as follows:

1.   All capitalized terms used in this Order but not defined herein shall have the meanings ascribed to them in the Sale Motion.

2.   The Sale Motion is granted to the extent identified herein and the Trustee is authorized pursuant to section 363(b) and (f) of the Bankruptcy Code to sell the Property pursuant to the terms identified herein.

3.   All objections and responses concerning the Sale Motion are resolved in accordance with the terms of this Order.  To the extent any such objection or response was not otherwise withdrawn, waived, settled, or otherwise provided herein, it, and all reservations and rights contained therein, is overruled and denied.

4.   Upon receipt of a contract for the sale of the Property acceptable to the Trustee, the Trustee shall file another motion with the Court seeking approval of the specific contract obtained by the Trustee for the sale of the Property.

5.   Subject to the rights of Wells Fargo Bank, N.A. and Specialized Loan Servicing, LLC, to object to a sale of the Property free and clear of their lien upon the Trustee's filing of his motion seeking approval of a specific sale contract, the sale of the Property shall be free and clear of any and all liens, claims, encumbrances, liabilities,

obligations, licenses, covenants, pledges, security interests, charges, judgments, mortgages, conditional sales or title retention agreements, pledges, hypothecations and interests of any kind (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "**Claims**").  All such Claims on or against the Property shall attach to the proceeds of sale (the "**Sale Proceeds**"), with the same force, validity, priority and effect as they now may have.

6.   The Trustee is authorized, in his sole discretion, to pay at or after closing undisputed Claims secured by the Property.

7.   The Trustee shall make distributions to Wells Fargo Bank, N.A. or Specialized Loan Servicing, LLC in full satisfaction of any and all amounts due to them on account of their interests in the Property (the "**Wells Fargo/Specialized Loan Servicing Lien**").

8.   The Trustee is authorized to pay at or after closing one half of the net proceeds from the sale of the Property, with the net proceeds of the sale constituting the Sale Proceeds less the amount of the Wells Fargo/Specialized Loan Servicing Lien, any outstanding taxes, any other liens on the Property, any closing costs and other standard costs of sale, the buyer's premium and expenses under the Motleys listing

agreement, and any other costs required to be paid at closing of the sale of the Property, to Ms. Williams on account of her one half interest in the Property.

9.   The Trustee is authorized, pursuant to section 330 of the Bankruptcy Code, to pay the buyer's premium and any expenses provided for in the Motleys listing agreement previously approved by Order of this Court from the Sale Proceeds.

10. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof, the status, nature and extent of the Property and all issues and disputes arising in connection with the relief authorized herein.

Jun 5 2018

ENTERED:

/s/ Kevin R Huennekens

UNITED STATES BANKRUPTCY
JUDGE

Entered on Docket:  Jun 6 2018

WE ASK FOR THIS:

/s/ Christian K. Vogel
Christian K. Vogel (Va. Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23218-2499
(804) 783-2003

*Counsel for the Trustee*

SEEN AND AGREED:

/s/ Johnie R. Muncy (with permission by e-mail dated May 25, 2018)
Johnie R. Muncy (Va. Bar No. 73248)
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200

4

Richmond, Virginia 23230
(804) 290-4290

*Counsel for Wells Fargo Bank N.A. and*
*Specialized Loan Servicing, LLC*

/s/ Rebecca N. Williams
Rebecca N. Williams
701 Luton Lane
Richmond, Virginia 23225

## LOCAL RULE 9022-1 CERTIFICATION

Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing was endorsed by all necessary parties.

/s/ Christian K. Vogel
Counsel

## <u>SERVICE LIST</u>

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA23219
   *Assistant U.S. Trustee*

Christian K. Vogel
Vogel & Cromwell, L.L.C.
8550 Mayland Drive, Suite 204
Richmond, VA 23294
   *Counsel for the Trustee*

Rebecca N. Williams
720 Luton Lane
Richmond, VA 23225
   *Debtor*

Henrico County Department of Finance
4301 East Parham Road
Henrico, Virginia 23228

Johnie R. Muncy, Esq.
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, Virginia 23230